## THE JOHN T. HUGHES.

(Circuit Court of Appeals, Second Circuit. October 23, 1925.)

No. 28.

1. **Collision** ⊗�ené74—**Evidence held to sustain finding of negligence of those in charge of vessel attempting to shift her position.**

Evidence *held* to sustain finding of negligence on part of those in charge of vessel in permitting her to swing into stern of another vessel in effort to shift her position while both vessels were lying at bulkhead.

2. **Collision** ⊗➭150—**Referring to commissioner, who found greater damages than court had intimated would be allowed, not error.**

Though court, at conclusion of trial, indicated it would allow a specified amount of damages for collision, it was not error to send the matter to commissioner, who found larger amount.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by the Atlantic Coast Transportation Company against the scow John T. Hughes, her tackle, etc.; James H. Hughes, Jr., claimant. Decree for libelant, and claimant appeals. Affirmed.

At the conclusion of the trial the court said: "You can take an order that no damages were sustained, except to fasten the rudder post in there so it was not loose, and the value of the lines. I should say that you could put in the order that it is the court's opinion that $300 would amply repay the libelant for his damages." Thereafter libelant presented and the court signed a proposed interlocutory decree providing for a reference of the cause to a commissioner to ascertain and compute the extent of the damages sustained and the amount due the libelant. This situation gave rise to the claim of excessive damages referred to in the opinion.

Macklin, Brown & Van Wyck, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

Frederick W. Park, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. It is admittedly true that on a day of fair weather libelant's barge Devon was lying at a bulkhead in Astoria, and so was claimant's scow Hughes. Between them was a "hoister." In order to move the hoister and insert it between the Hughes and the land, the lines at one end of the Hughes were thrown off. This permitted her to swing away from the bulkhead side, and she touched and "came across the stern of the Devon," as is admitted in the answer.

We notice two questions argued at this bar:

(1) Is there evidence sufficient to show that those in charge of the Hughes permitted that vessel to swing into the stern of the Devon?

(2) Were the damages allowed excessive?

[1] The libel asserted against the Hughes that "her captain and those on board of her attempted to shift her position" by letting go some lines as above set forth, so that the Hughes "was permitted to drift down upon and onto the stern of" the Devon.

The answer admits that "an attempt was being made to shift the hoister, and in doing so the lines to the stern" of the Hughes were let go, and that vessel swung into contact ut supra. The answer contains no denial of the allegation of the libel that the "captain and those on board of" the Hughes attempted to shift her position.

The evidence was that there was a gang of men on board the hoister, and they "started to help shift the John T. Hughes, because she had only one man on board of her and no power of her own." No endeavor was made to prove that these men from the hoister who did the work were not doing it with the approbation and on behalf of the owner of the Hughes. With such pleadings and on this evidence, or lack of it, we are not disposed to disturb the finding below.

[2] As to the amount of damages, we think this appeal grows out of a hasty remark of the trial court to the effect that he would grant a decree for a sum he named, much less than that for which decree was ultimately signed. It is plain that, when an interlocutory decree was proposed, the trial judge

changed his mind and, instead of immediately awarding, judicio rustico, the smaller sum as damages, he sent the whole matter to a commissioner, who found a considerably higher amount for libelant. However annoying such practice is, it cannot be called legally erroneous, nor can it be said that the commissioner proceeded without evidence.

Decree affirmed, without costs.